IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID HALE, Individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 08 CV 7009 |
| COUNTY OF COOK, a Body Politic, TODD H. STROGER, President of Cook County Board, EARLEAN COLLINS, ROBERT STEELE, JERRY "ICEMAN" BUTLER, WILLIAM M. BEAVERS, DEBORAH SIMS, JOAN PATRICIA MURPHY, JOSEPH MARIO MORENO, ROBERTO MALDONADO, PETER N. SILVESTRI, MIKE QUIGLEY, JOHN P. DALEY, FORREST CLAYPOOL, LARRY SUFFREDIN, GREGG GOSLIN, TIMOTHY O. SCHNEIDER, ANTHONY J. PERAICA, ELIZABETH DOODY GORMAN, Commissioners, DOROTHY BROWN, Clerk of the Circuit Court, ANITA ALVAREZ, State's Attorney of Cook County, JACK BLAKEY, and LINUS KELECIUS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge Milton I. Shadur  Magistrate Judge Geraldine Soat Brown |
| Defendants. | ) | |

**<u>FIRST AMENDED COMPLAINT</u>**

For his Complaint, Plaintiff, DAVID HALE, Individually and on behalf of all others similarly situated, through counsel, David A. Novoselsky and NOVOSELSKY LAW OFFICES and Steven J. Seidman and LAW OFFICES OF STEVEN J. SEIDMAN, alleges as follows:

## PARTIES AND NATURE OF ACTION

1.     Plaintiff DAVID HALE is a resident of and domiciled in the State of Illinois. Mr. Hale filed several law suits as a Plaintiff before the Circuit Court of Cook County, Illinois. He brings this First Amended Complaint against Defendants based on their violation of the protections he is entitled to as a Citizen of the United States of America pursuant to the Fourteenth Amendment to the United State's Constitution, as well as for Defendants' violations of 42 U.S.C. §1983 and §1985.  Mr. Hale further brings this lawsuit against Defendants as a Taxpayers' Lawsuit under the common law of the State of Illinois pursuant to the Ancillary jurisdiction of this Court over those matters.

2.     Defendant COUNTY OF COOK is an Illinois Municipal Corporation with its domicile and principal place of business in the Northern District of Illinois, Eastern Division.

3.     TODD H. STROGER is an individual domiciled in the State of Illinois, within the Northern District of Illinois, Eastern Division, and is the President of the Cook County Board.

4.     EARLEAN COLLINS is an individual domiciled in the State of Illinois, within the Northern District of Illinois, Eastern Division, and is a Commissioner of the Board of Cook County, Illinois.

5.     ROBERT STEELE is an individual domiciled in the State of Illinois, within the Northern District of Illinois, Eastern Division, and is a Commissioner of the Board of Cook County, Illinois.

6.     JERRY "ICEMAN" BUTLER is an individual domiciled in the State of Illinois, within the Northern District of Illinois, Eastern Division, and is a Commissioner of the Board of Cook County, Illinois.

7.     WILLIAM M. BEAVERS is an individual domiciled in the State of Illinois, within the Northern District of Illinois, Eastern Division, and is a Commissioner of the Board of Cook County, Illinois.

8.     DEBORAH SIMS is an individual domiciled in the State of Illinois, within the Northern District of Illinois, Eastern Division, and is a Commissioner of the Board of Cook County, Illinois.

9.     JOAN PATRICIA MURPHY is an individual domiciled in the State of Illinois, within the Northern District of Illinois, Eastern Division, and is a Commissioner of the Board of Cook County, Illinois.

10.     JOSEPH MARIO MORENO is an individual domiciled in the State of Illinois, within the Northern District of Illinois, Eastern Division, and is a Commissioner of the Board of Cook County, Illinois.

11.     ROBERTO MALDONADO is an individual domiciled in the State of Illinois, within the Northern District of Illinois, Eastern Division, and is a Commissioner of the Board of Cook County, Illinois.

12.     PETER N. SILVESTRI is an individual domiciled in the State of Illinois, within the Northern District of Illinois, Eastern Division, and is a Commissioner of the Board of Cook County, Illinois.

13.     MIKE QUIGLEY is an individual domiciled in the State of Illinois, within the Northern District of Illinois, Eastern Division, and is a Commissioner of the Board of Cook County, Illinois.

14. JOHN P. DALEY is an individual domiciled in the State of Illinois, within the Northern District of Illinois, Eastern Division, and is a Commissioner of the Board of Cook County, Illinois.

15. FORREST CLAYPOOL is an individual domiciled in the State of Illinois, within the Northern District of Illinois, Eastern Division, and is a Commissioner of the Board of Cook County, Illinois.

16. LARRY SUFFREDIN is an individual domiciled in the State of Illinois, within the Northern District of Illinois, Eastern Division, and is a Commissioner of the Board of Cook County, Illinois.

17. GREGG GOSLIN is an individual domiciled in the State of Illinois, within the Northern District of Illinois, Eastern Division, and is a Commissioner of the Board of Cook County, Illinois.

18. TIMOTHY O. SCHNEIDER is an individual domiciled in the State of Illinois, within the Northern District of Illinois, Eastern Division, and is a Commissioner of the Board of Cook County, Illinois.

19. ANTHONY J. PERAICA is an individual domiciled in the State of Illinois, within the Northern District of Illinois, Eastern Division, and is a Commissioner of the Board of Cook County, Illinois.

20. ELIZABETH DOODY GORMAN is an individual domiciled in the State of Illinois, within the Northern District of Illinois, Eastern Division, and is a Commissioner of the Board of Cook County, Illinois.

21.     DOROTHY BROWN is an individual domiciled in the State of Illinois, within the Northern District of Illinois, Eastern Division, and is the duly elected Clerk of the Circuit Court of Cook County, Illinois.

22.     ANITA ALVAREZ is an individual domiciled in the State of Illinois, within the Northern District of Illinois, Eastern Division, and is the duly elected State's Attorney of Cook County, Illinois.

23.     JACK BLAKEY is an individual domiciled in the State of Illinois, within the Northern District of Illinois, Eastern Division, and an Assistant State's Attorney of Cook County, Illinois.

24.     LINUS KELECIUS is an individual domiciled in the State of Illinois, within the Northern District of Illinois, Eastern Division, and an Assistant State's Attorney of Cook County, Illinois.

### JURISDICTION AND VENUE

25.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 because Plaintiff Hale asserts claims pursuant to 42 U.S.C. §1983 and §1985. This Court has subject matter jurisdiction over the state law claims brought under to the common law of the State of Illinois pursuant to its supplementary or ancillary jurisdiction.


26.     Venue is appropriate in this District as all Defendants are subject to personal jurisdiction in this district and as the events giving rise to Mr. Hale's claims herein occurred in this District. (See 28 U.S.C. §1391.)

## FACTS COMMON TO ALL COUNTS

27.     Plaintiff is a civil litigant who filed one or more lawsuits before the Circuit Court of Cook County.  Those lawsuits include one entitled *David Hale v. Stephen M. Komie*, Docket No. 08 L 006719, as well as *David Hale, et al. v. Hale Advisors*, Docket No. 08 CH 08342.

28.     When filing these lawsuits, Hale, as every other litigant, was charged and paid certain fees ostensibly for the services provided to litigants within and for the exclusive use of the Circuit Court of Cook County, as provided for by Illinois law.  (A copy of the charges paid by Mr. Hale are attached to Group Exhibit A to this First Amended Complaint.)

29.     Effective with the adoption of the Judicial Article of 1964, and as later codified in the Illinois Constitution of 1970, the Circuit Court of Cook County is not part of county government.  Instead, it is part of the statewide Illinois Judicial System.  It is not subject to any local taxation or any local burden upon the court or litigants created by local ordinance or otherwise imposed upon it by Cook County or any public official or arm of government within Cook County.

30.     Effective with the adoption of the Judicial Article of 1964 and the subsequent adoption of its provisions in the 1970 Illinois Constitution, the financial burden of maintaining the Circuit Court of Cook County, as with all other Circuit Courts throughout the State of Illinois, rests on the taxpayers of each county as part of the county's general revenues.  That burden may not be placed on individual litigants through filing fees.

31.     Illinois law permits the General Assembly of the State of Illinois to impose additional fees to be charged litigants only when those charges are to supplement the existing burden placed on the taxpayers and general revenue of a given county.  All such charges must be used solely as supplemental fees for specific and specified purposes exclusively within the

court system. Any use of these fees for general revenue purposes is prohibited both by specific legislation adopted by the General Assembly of the State of Illinois as well as by various decisions of the Supreme Court of the State of Illinois.

32.     None of the charges for fees levied against Plaintiff Hale or any other litigant and as collected on behalf of Cook County by Defendant Brown were kept or expended for the exclusive use of the court system nor were they used as required by the specific enactments of the General Assembly of Illinois which permitted one or more of the specified charges to be taxed against litigants. Instead, as defendants have admitted, every penny of every fee collected from litigants is placed into the General Revenue Fund of Cook County and is spent by Defendants as discretionary general revenue income. Defendants further assert that these fees may be, and have been, used not as required by law or even as ostensibly permitted by the Budget passed annually by the Cook County Board. Defendants have stated these public funds may be, and admittedly have been spent for whatever expenditure deemed appropriate by one or more of the individual Defendants in this case.

33.     Defendant, COOK COUNTY, is responsible for the collection and subsequent use of all funds collected from Plaintiff Hale and other litigants similarly situated.

34.     Defendant, DOROTHY BROWN, as the Clerk of the Circuit Court of Cook County is charged by Illinois law with the duty to collect and, upon collection, segregate into separate funds for submission to the treasurer of Cook County various fees collected by her.

35.     Defendant BROWN, although not authorized to do so by Illinois law, maintains various accounts in which she commingles all fees collected and maintains those accounts without providing any later record or general accounting to Defendant COOK

-7-

COUNTY nor to the citizens of that County. No record of any interest earned upon those funds is submitted to the public or made available as part of the public record available to Plaintiff or other citizens of Cook County.

36.     Defendant BROWN, despite the obligations imposed upon her by Illinois law as to various fee collections, does not transmit those fees in a segregated fashion to Defendant Cook County for deposit in the required separate funds nor does she maintain any separate audit of those funds as required by Illinois law. All funds are commingled instead given to Cook County for its general revenue use.

37.     Although the legislation initially passed by the General Assembly of the State of Illinois, and the Ordinance (Cook County Ordinance 18-32, Adopted as Ord. No. 96-0-28 later and Ord. No. 08-0-19) adopted by the County Board of Cook County with regard to this supposed security fee was based on the representations made by various officials of Cook County government that it was necessary to offset the expense of the Sheriff of Cook County providing security in courtrooms, these fees are neither properly charged on such basis and, as Cook County has acknowledged in writing before the Supreme Court of the State of Illinois, not a penny of any fees collected by the Circuit Court Clerk from litigants ostensibly for this or any other "court fees" are in fact used for the purpose as designated by statute nor are they used by the court system or Cook County for payment of any court services whatsoever. Instead, Defendants have acknowledged that all fees collected from this litigant and all others similarly situated are taken into the Cook County General Revenue Fund and are used as discretionary General Income by Cook County in derogation of the statutory enactments which permit their collection and which limit their use to the specified purposes under the statute.

38.     Defendant BROWN has acknowledged taking various fees paid into the court system by litigants for specific, restrictive uses, and converting those fees to be used to support of her personal entourage or "protective detail" as well as to pay for her parking fees, daily transportation, campaign use, and other matters in violation of Illinois law. Defendant BROWN has further acknowledged her obligation to repay to the public treasury of Cook County the costs incurred by the public in paying for these personal usage, but has professed an inability to do so since her salary is "only $105,000 per year."

## COUNT I

**Violation of the Fourteenth Amendment to the Constitution of the United States and Violation of 42 USC § 1983 -- (All Defendants except Alvarez, Blakey and Kelecius)**

39.     Plaintiff readopts and realleges the allegations of paragraphs 1 through 38 above as if fully set forth herein as paragraph 39 of Count I.

40.     Plaintiff, and all other civil litigants who file actions before the Circuit Court of Cook County, are entitled to equal protection of the law and access to the court system that is not burdened by excessive and/or unlawful fees charged for said access. Any violation of that right, is a violation of 42 U.S.C. §1983. (*C.f.*, *Woodard v. Andrus*, 419 F.3d 348 (5th Cir. 2005).)

41.     The Illinois General Assembly authorized the creation of two special funds, which provide that Plaintiff Hale and all other civil litigants be charged a fee as follows:

**Sec. 27.3a. Fees for automated record keeping**.

1. ***The expense of establishing and maintaining automated record keeping systems in the offices of the clerks of the circuit court shall be borne by the county. To defray such expense*** in any county having established such an automated system or which elects to establish such a system, ***the county board may require the clerk***

*of the circuit court in their county to charge and collect a court automation fee of not less than $1 nor more than $15*

2. Such fees shall be in addition to all other fees and charges of such clerks, and assessable as costs, and may be waived only if the judge specifically provides for the waiver of the court automation fee. ***The fees shall be remitted monthly by such clerk to the county treasurer, to be retained by him in a special fund designated as the court automation fund.*** The fund shall be audited by the county auditor, ***and the board shall make expenditure from the fund in payment of any cost related to the automation of court records***, including hardware, software, research and development costs and personnel related thereto, ***provided that the expenditure is approved by the clerk of the court and by the chief judge of the circuit court or his designate.*** (705 ILCS 103/27.3a 3, emphasis supplied.)

**Sec. 27.3c. Document storage system:**

(a) ***The expense of establishing and maintaining a document storage system in the offices of the circuit court clerks in the several counties of this State shall be borne by the county. To defray the expense in any county that elects to establish a document storage system and convert the records of the circuit court clerk to electronic or micrographic storage, the county board may require the clerk of the circuit court in its county to collect a court document fee of not less than $1 nor more than $15***, to be charged and collected by the Clerk of the Court.

(b) Court document fees shall be in addition to other fees and charges of the clerk, shall be assessable as costs, and may be waived only if the judge specifically provides for the waiver of the court document storage fee. ***The fees***

*shall be remitted monthly by the clerk to the county treasurer, to be retained by the treasurer in a special fund designated as the Court Document Storage Fund*. The fund shall be audited by the county auditor, and *the board shall make expenditures* from the fund in payment of any costs relative to the *storage of court records, including hardware, software, research and development costs*, and related personnel, *provided that the expenditure is approved by the clerk of the circuit court.* (705 ILCS 105/27.3c(c), emphasis supplied.)

42. As set out above, the General Assembly set up those funds to supplement the obligation of Cook County to establish and maintain a document storage system in the offices of the Circuit Court Clerk, not to be used as a substitute for this obligation. All of the supplemental fees collected for Court Automation and Document Storage were to be kept in special fund accounts designated as the Court Automation and Document Storage Fund, respectively, and audited each year. The enabling legislation further required that these fees were to be used solely and exclusively to defray and supplement costs related to the storage of court records, for computer hardware, software, research and development costs and personnel hired to perform such functions.

43. Defendants admitted in pleadings, as well as in various statements and affidavits submitted to the state court system in other litigation, that none of the fees collected for Automated Record keeping or Document Storage were maintained in separate, segregated bank accounts nor were those fees used for the purposes required by statute. No separate audit was performed on what was to be segregated and specially-titled accounts. Defendants admit that these fees, as well as all other fees collected by the Clerk of the Court, are placed directly into the General Revenue Fund of Cook County and thereby used as discretionary general income

funds for whatever purpose defendants may deem appropriate rather than used as required by statute.

44.     Defendants, in their annual budget, admit that these funds are used for purposes other than those permitted by the enabling legislation, including but not limited to attorneys' fees ostensibly incurred by the Clerk of the Circuit Court, vehicles purchased for her personal use, gasoline, and maintenance of those vehicles, as well as to create funds of several million dollars per year for unrestricted and discretionary use by Ms. Brown to hire "consultants." No restriction or limitation on use of those consultant fees is placed on Ms. Brown despite the explicit restrictions placed on such expenditures by the enabling legislation which permits the collection of these fees. No identification of these "consultants" or evidence of their work is available to the public.

45.     Defendant BROWN has used the fees collected under the two funds enumerated above for her personal use, including campaign visits, personal chauffeuring and parking, and has used these funds in a manner which is in violation of Illinois law, both civil and criminal. In addition, Defendant BROWN acknowledged the use of these funds for her personal benefit while further acknowledging that she has failed to reimburse the public for the use of these public funds for her personal benefit and has paid no taxes, either state or federal, on the benefits she has derived from this personal usage.

46.     Defendants are required by statute as well as local ordinance to require Defendant Brown to reimburse the public for the personal use of these funds including the use of vehicles purchased out of these restrictive court funds. Defendants are required by local law to send a "Federal Tax Form 1099" to Ms. Brown as well as provide a copy of that document to the federal government for the purpose of having Ms. Brown pay taxes on these benefits.

Despite the fact that this ordinance exists, and further despite the fact that Defendants have specific restrictions on the use of public vehicles, including but not limited to the obligation to reimburse the County for such usage and to provide tax records to the appropriate authority, no such reimbursement nor any records were provided with regard to the usage set forth above by Ms. Brown.

47.     Defendants, who have knowledge of this misuse of these funds as well as their conversion for general revenue purposes, have continued to approve an annual budget which specifies and permits the unauthorized use of these funds and, further, have ratified and approved the personal use of these funds by Defendant Brown.

48.     Defendants have authorized the deduction of nine (9%) percent of all fees collected from litigants such as Plaintiff and others paid ostensibly for the exclusive use of supplementing court automation and document storage for what they term as "Cook County Administration", also known as Fund 883.  Fund 883 is not a tax or deduction from these or any other separate fund collections within Cook County.  Defendants have, instead, acknowledged that there is no authorization which permits Defendants to deduct nine (9%) percent from these court fees or any other special fund but claim instead that this fund or deduction is permissible as a "bookkeeping matter" and not subject to any intervention by a court or any other authority to prohibit this unauthorized tax.

49.     Fund 883 over the last two decades has taken between $14 million dollars and $20 million dollars per year, *inter alia*, from these two funds as well as taking nine (9%) percent per year from a series of state, local, and United States Government fund grants which were to be used for specified purposes.  Defendants have admitted that they have no lawful authority to deduct these sums from these or any of the grant funds which would otherwise go to support

the collection of past due child support fees to support health care at Stroger Hospital, and various other important public services. Their position is simply that whatever fees or grant funds deposited in the Cook County Treasury become County discretionary general revenue funds.

50.     Defendants have imposed upon Plaintiff and others similarly-situated, a Courtroom Security Fee of $25 per case. (That payment is listed in Group Exhibit A as "Court Services.") This fee is imposed upon civil litigants ostensibly to pay for the costs of providing security through the Sheriff of Cook County during various court sessions.

51.     The obligation to provide courtroom security, is part of the general tax obligation imposed on all taxpayers within Cook County by Illinois law. This local charge is specifically barred by various decisions of the Illinois Supreme Court which prohibit taxing litigants to support a local activity and prohibits the imposition of a local fee upon the court system.

52.     The so-called courtroom security fee is collected and deposited like all other fees collected by the Clerk of the Cook County and commingled into all other deposits made by the Clerk into the General Revenue Fund of Cook County. Once there, these fees are treated as Cook County discretionary general income.

53.     Defendants, collect these fees referred to above for automation, document storage, law library usage, and courtroom security services, on an annual basis. The sums collected for these purposes usually exceed the amount actually used for support of these separate funds, according to the public record. Rather than maintain these fee "surpluses" as a "credit" for the use and benefit of the specified, separate funds, these surpluses (many times amounting to millions of dollars per year per fund) are used as county discretionary general

revenue funds, along with all interest earned upon what is supposed to be separate collections and deposits of these funds.

54.     The use or misuse of the fees charged Plaintiff and other similarly situated constitutes a violation of 42 U.S.C. §1983 as this conduct was committed by the Defendants acting under color of state law.  The conduct of taking these fees as paid by Plaintiff and other similarly situated and using them in a manner not permitted by Illinois law and, further, by taking additional fees and taxes not permitted by state law, has deprived Plaintiff and others similarly situated of their personal property (fees) in violation of their rights, privileges, and immunity secured by the Constitution and laws of the United States.  That deprivation is a violation of both the Fourteenth Amendment to the United States Constitution as well as 42 U.S.C. §1983.  (See *Woodburn*, *Supra*)

WHEREFORE, Plaintiff, David Hale, individually and on behalf of all others similarly situated, respectfully prays that this Honorable Court enter judgment in his favor and against Defendants as follows:

a.      Find that the conduct of Defendants in the manner in their misuse and conversion of these fees, and constitutes a violation of 42 U.S.C. §1983;

b.      Enjoin the collection of these fees from Plaintiff and other litigants similarly situated by Defendants and require that all further collections be deposited in separate accounts and otherwise handled and spent only as permitted by Illinois law;

c.      Order the return to Plaintiff and others similarly situated of all fees previously collected by Cook County in violation of Illinois law and converted by Defendants for unauthorized use;

d.     Order Defendants to pay Plaintiff and his counsel all fees and costs incurred in
bringing this action, and permitted pursuant to federal law; and

e.     Grant whatever other relief this Court shall deem just and appropriate.

## COUNT II

### Action for Violation of State Law
### <u>(All Defendants other than Alvarez, Blakey and Kelecius)</u>

55.     Plaintiff readopts and realleges the allegations of paragraphs 1 through 54 above
as if fully set forth herein as paragraph 55 of Count II.

56.     This Court has jurisdiction to hear claims brought under Illinois law as part of
its supplemental or ancillary jurisdiction over such matters.

57.     Under Illinois law, any and all fees collected from litigants must be used only for
the purposes set forth by the enabling legislation and then, regardless of the nature of the
enabling litigation, may only be used for court services or other matters relating exclusively to
and which benefit the court system and litigants.  Said fees may not be used in any regard
whatsoever for the discretionary general use of any municipal agency or as general revenue to
offset the supposed cost of operating the court system.  (See *Crocker v. Finley*, 99 Ill.2d 444
(1984).)

58.     The fees collected and used by Defendants as set forth above violates Illinois law
as set forth in the *Crocker* decision.

59.     Illinois law recognizes that the courts have the power to either declare such
conduct unlawful and order the fees collected to be used specifically for the purpose set forth
under the statute, assuming that said statute otherwise complies with Illinois law, or order those
fees to be returned to Plaintiff and others similarly situated.

-16-

60.     Illinois law further recognizes the standing of Plaintiff to seek this relief before this Court.

61.     As a result of the conduct of Defendants as set forth in the proceeding paragraphs of this Count and elsewhere in this First Amended Complaint, Plaintiff and others similarly situated have been damaged through the unnecessary payment of these fees and their improper use and/or conversion.  They are entitled to a return of those fees, and payment of other damages caused by the conduct of Defendants.

WHEREFORE, Plaintiff, David Hale, individually and on behalf of all others similarly situated, respectfully prays that this Honorable Court enter judgment in his favor and against Defendants as follows:

a.      Find that the conduct of Defendants in the manner in which they charge and collect these fees, and their subsequent misuse and conversion of these funds is in violation of Illinois law;

b.      Enjoin the collection of these fees from Plaintiff and other litigants similarly situated by Defendants and require that all further collections be deposited in separate accounts and otherwise handled as required by Illinois law;

c.      Order the return to Plaintiff and others similarly situated of all fees previously collected by Cook County in violation of Illinois law and as misused and converted by Defendants;

d.      Order Defendants to pay Plaintiff and his counsel all fees and costs incurred in bringing this action, under Illinois law based on the Common Fund Doctrine; and

e.      Grant whatever other relief this Court shall deem just and appropriate.

-17-

## COUNT III

### CONVERSION UNDER ILLINOIS LAW
### <u>(All Defendants except Alvarez, Blakey and Kelecius)</u>

62.     Plaintiff readopts and realleges the allegations of paragraphs 1 through 61 above as if fully set forth herein as paragraph 62 of Count III.

63.     Defendant BROWN, has wilfully converted public funds for her personal use.

64.     Illinois law, as well as the Constitution of the State of Illinois, makes the use of public funds for unauthorized or personal usage a civil offense permitting the recovery of those funds in an appropriate taxpayer's action, as well as a civil and criminal offense.

65.     Given the admitted conversion by Defendant Brown, and as ratified by all other Defendants other than Defendants Alvarez, Blakey and Kelecius, Defendants are individually and personally liable for the repayment of those funds, as well as subject to the imposition of exemplary or punitive damages to be paid to Plaintiff and other similarly situated under Illinois law.

WHEREFORE, Plaintiff, David Hale, individually and on behalf of all others similarly situated, respectfully prays that this Honorable Court enter judgment in his favor and against Defendants as follows:

a.      Repayment of all fees and monies converted by Defendants for unauthorized or personal usage;

b.      Punitive damages in an amount appropriate under Illinois law as well as guidelines set for such damages by the United States Supreme Court; and

c.      Removal from office pursuant to Illinois law which permits and requires removal of any public official from office for the use of public funds other than as specifically authorized by statute, ordinance, or a properly-adopted budget.

## COUNT IV

## VIOLATION OF 42 U.S.C. §1983 and §1985
## (Defendants Alvarez, Blakey and Kelecius)

66.     Plaintiff readopts and realleges the allegations of paragraphs 1 through 65 above as if fully set forth herein as paragraph 66 of Count IV.

67.     On February 17, 2009, while this lawsuit was pending, counsel for Defendants caused to be served upon counsel for Plaintiff a "Grand Jury Subpoena."  (A copy of that document and cover sheet are attached as Group Exhibit "B".)

68.     At the time this document was issued, the document was prepared and submitted by Defendants Blakey and Kelecius, acting under the authority and within the scope of their employment by Defendant Alvarez, using a stamp purportedly showing that the subpoena was certified executed by Defendant Dorothy Brown.  On information and belief, this subpoena was issued without the knowledge and consent of the Presiding Judge of the Criminal Division of the Circuit Court of Cook County who supervises the conduct of the Cook County Grand Jury.

69.     At the time this subpoena was issued, these Defendants had been made aware that the materials sought by this subpoena constituted documents which were privileged as the work product of Plaintiff's counsel as well as attorney-client communications between counsel for Plaintiff and the Plaintiff.

70.     Under Illinois law, these attorneys had no right to issue any document or subpoena ostensibly to investigate and potentially prosecute any theft, official misconduct, public corruption, or crimes committed by the public officials who are the defendants in this case.   The Illinois Rule of Professional Conduct prohibit attorneys, including public prosecutors, from violating the Illinois Rules of Professional Conduct which prohibit an attorney from taking a position adverse to a present or former client.  Claiming the right to

investigate and potentially prosecute the very activities which these defendant/attorneys had already asserted were otherwise proper is a direct violation of the ethical limitations and constraints placed upon these attorneys by Illinois law.

71.     The issuance of this subpoena was intended to threaten and intimidate Plaintiff as well as to interfere with his ability to bring this lawsuit and his ability to retain and repose confidence and trust in his attorney. The issuance of this subpoena and the resulting harm and threat that it has created to Plaintiff and his relationship with his attorney constitutes a violation of 42 U.S.C. §1983 as that conduct was conducted under color of state law and was intended to and has served to violate and "chill" the rights and privileges guaranteed to Plaintiff under the laws of the United States.

72.     The conduct described above also constitutes a violation of 42 U.S.C. §1985 (3) as Defendants and their clients engaged in a conspiracy for the purpose of depriving Plaintiff of his right to avail himself to legal counsel and to communicate with his attorney maintaining the privileges and protection accorded to a litigant as well as his right to seek effective counsel by maintaining the confident of that relationship. The issuance of the subpoena was an act in furtherance of the conspiracy to prevent Plaintiff from seeking to recover the damages on his behalf and on behalf of others set forth in the proceeding portions of this Complaint and caused an injury to his person by depriving him of his right to avail himself of counsel which is a privilege of Plaintiff as a citizen of the United States. (See *Quinones v. Szore*, 771 F. 2d 289 (7th Cir. 1985).)

WHEREFORE, Plaintiff seeks the imposition of compensatory and exemplary damages as well as the imposition of costs and attorneys fees against Defendants Anita Alvarez, Jack

Blakey and Linus Kelecius to the full extent permitted by federal law as well as such other relief

that this Court shall deem just and appropriate.

> Respectfully submitted,
>
> DAVID HALE, Individually and on behalf of all others similarly situated
>
> By: /s/ David A. Novoselsky
>
> David A. Novoselsky
>
> By: /s/Steven J. Seidman

David A. Novoselsky
NOVOSELSKY LAW OFFICES
120 N. LaSalle St., Suite 1400
Chicago, IL 60602
(312) 346-8930
ARDC #02069881

Steven J. Seidman
LAW OFFICES OF STEVEN J. SEIDMAN
20 S. Clark St., Suite 700
Chicago, IL 60603
(312)781-1977
ARDC #6181388

G:\Docs\DAN\PLAINTIFF\HALE V COOK COUNTY\Hale v Cook County.Amended Complaint.wpd